IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-00373-RPM
 (Consolidated with 05-cv-00374 and 05-cv-00835)

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON WHO SUBSCRIBED
POLICY NO. 0150;
VALLEY FORGE INSURANCE COMPANY, a Pennsylvania insurance company;
ZURICH AMERICAN INSURANCE COMPANY, successor in interest to Zurich
Insurance Company (U.S. Branch),

        Plaintiffs,

v.

HEALTH CARE MANAGEMENT PARTNERS, LTD. d/b/a O'HARA REGIONAL
CENTER FOR REHABILITATION;
ORCR, INC. d/b/a O'HARA REGIONAL CENTER FOR REHABILITATION;
SOLOMON HEALTH MANAGEMENT, LLC d/b/a SOLOMON HEALTH SERVICES,
LLC;
HERSCH "ARI" KRAUSZ;
DAVID SEBBAG;
V. ROBERT SALAZAR; and
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Policy No. 0150,

        Defendants.
_____

ORDER DIRECTING ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)
_____

By the order entered on June 24, 2005, these three civil actions were consolidated for all purposes under Fed.R.Civ.P. 42(a) although each of them involved separate insurance policies because there was a common question of determining the nature of the claims made in the underlying litigation, Civil Action No. 04-cv-02340-REB-BNB.  Upon motions for summary judgment, this Court on July 20, 2006, granted declaratory relief, ruling that the respective insurance policies did not provide coverage for the claims made in the underlying lawsuit and dismissed the defendants' claims for

bad faith breach of insurance contracts on that basis. A judgment was entered accordingly on July 20, 2006.

Valley Forge Insurance Company and Zurich American Insurance Company have claims for recovery of the amounts they have paid for defense of the claims in the underlying lawsuit pursuant to a reservation of rights to adjudicate the question of coverage. Certain Underwriters at Lloyd's London Who Subscribed to Policy No. 0150 ("Lloyd's") did not make such a claim because it did not provide any defense costs. The defendants filed a protective Notice of Appeal from the judgment as to Lloyd's. They now seek a determination from this Court that there is no just reason for delay of an appeal as to all three of the insurance companies' claims for summary judgment and a direction for the entry of a final appealable judgment together with a motion for stay of further proceedings on the claims for recoupment by Zurich and Valley Forge.

In this Court's view, because the cases are consolidated, such a certification is also required for an appeal of the judgment on the Lloyd's policy as well, making the notice of appeal already filed premature and not depriving this Court of jurisdiction to enter this order. *Trinity Broadcasting Corp. V. Eller,* 827 F.2d 673 (10th Cir. 1987).

Judicial economy will be served by proceeding with an appeal of this Court's ruling on the declaratory judgment. While the insurance polices have different language, the appellate court, as this Court did, will find that the issues of coverage under them require the characterization of the claims being made in the underlying litigation is a predominant common question. The recoupment claims made by Valley Forge and Zurich will require further proceedings in this court and will depend on the outcome of an appeal.

Accordingly, this Court expressly determines that there is no just reason for

delay in the entry of a final judgment on the claims for declaratory relief by all three of the insurance company plaintiffs, permitting an appeal under Fed.R.Civ.P. 54(b), and it is therefore

ORDERED that the judgment entered on July 20, 2006, is final and appealable as to the rulings made in this Court's order of this same date.

DATED: August 28th, 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge